IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMMANUEL POLINGA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MCCOOK DETENTION CENTER, et al.,<br><br>Respondents. | 8:26-CV-730<br><br>ORDER |

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that appears to be substantially the same as the petition and postjudgment motion he filed, and that the Court denied, in case no. 8:26-cv-435. To the extent that the petitioner is claiming that his ongoing detention is unlawful, the Eighth Circuit has held that the Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the reasonably foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)). And to the extent that the petitioner is collaterally attacking the immigration judge's decision to deny him bond, nothing alleged in his petition demonstrates that he didn't receive all of the process to which he was due. *See Singh v. Sommer*, No. 7:26-CV-5013, 2026 WL 2042296 (D. Neb. July 15, 2026); *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026). And of course, this Court cannot review the immigration judge's decision. *See Gvritishvili v. Mullin*, No. 4:26-CV-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026). The petitioner's remedy is with the Board of Immigration Appeals, not this Court. Accordingly,

IT IS ORDERED:

1. The petitioner's motion for leave to proceed in forma pauperis (filing 2) is granted.

2. For the reasons stated in case no. 8:26-cv-435 filing 17 and this order, the petition for writ of habeas corpus is denied.

3. A separate judgment will be entered.

Dated this 20th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge